

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

ATTORNEY GENERAL

AUSTIN, TEXAS

Hon. R. T. Burns
County Attorney
Walker County
Huntsville, Texas

Dear Sir:

Opinion No. O-1616
Re: Capias after indictment in felony
case shall be issued by the Clerk
and placed in the hands of the
Sheriff for service.

This will acknowledge receipt of your letter
of October 21, 1939, in which you submit for an opinion
of this Department, the question of whether the sheriff
or the constable has the right to execute a capias in a
felony case after an indictment has been returned.

We deem a quotation of the pertinent parts of
your letter important as forming the basis of this opin-
ion. Your letter reads in part:

"I am writing you and asking for an
interpretation of Articles 443 and 453 of
the Code of Criminal Procedure. I have not
been able to find any court decisions in-
terpreting these two articles.

"The sheriff of Walker County and the
constable of Precinct 1 have gotten into a
controversy with reference to who has the
authority under these two articles. The
sheriff contends that, even though the con-
stable makes an arrest of a minor felony and
works the case up and carries it before the
grand jury, and the grand jury indicts the
defendant and returns a bill of indictment
to the district court, that the constable
has no authority or right to receive a capias
from the district clerk and making an arrest
of the defendant after indictment by the
grand jury. The constable claims under
Article 453 that he has the right to follow
the case all the way through and do the work
and receive all fees for handling same;
while the sheriff claims under Article 443
that he alone, and himself only, has the
right to make an arrest after indictment
by the grand jury, or the arrest has to be
made under his direction and from his office."

reads:

> "A 'capias' is a writ issued by the
> court or clerk, and directed 'To any sheriff
> of the State of Texas,' commanding him to
> arrest a person accused of an offense and
> bring him before the court forthwith, or on
> a day or at a term stated in the writ."

Article 443 of the Code of Criminal Procedure
reads:

> "A capias shall be immediately issued
> by the district clerk upon each indictment
> for felony presented, and shall be delivered
> by the clerk or mailed to the sheriff of the
> county where the sheriff (defendant) resides
> or is to be found." (enclosure ours)

Article 453, Code of Criminal Procedure provides
for the arrest of a defendant under a capias and reads:

> "A capias may be executed by any con-
> stable or other peace officer. In felony
> cases, the defendant must be delivered forth-
> with to the sheriff of the county where the
> arrest is made, together with the writ under
> which he was taken."

Thus, it clearly appears under Articles 441 and
443, supra, that it is the duty of the clerk to direct a
capias after indictment to the sheriff and to deliver the
same to him.

Article 453, supra, clothes the constable
with the authority to serve a capias, but in view of
the duty imposed upon the clerk to deliver the same
to the sheriff, the constable must necessarily derive
his right of service from the sheriff. The sheriff
may either serve the capias personally or have the
same served under his direction.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Lloyd Armstrong
Assistant

LA:AW:jrb    APPROVED NOV. 14, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS    APPROVED OPINION COMMITTEE
BY BWB, Chairman